

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 1 4 2019

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

LEE FOGLE, §
§
          Movant, §
§
VS. § NO. 4:19-CV-230-A
§ (NO. 4:16-CR-132-A)
UNITED STATES OF AMERICA, §
§
          Respondent. §

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the motion of Lee Fogle, movant,
to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.
After having considered the motion, the government's response,
movant's reply, and pertinent parts of the record in Case No.
4:16-CR-132-A, styled "United States of America v. Charles Ben
Bounds, et al.," the court has concluded that the motion should
be denied.

I.

<u>Background</u>

Information contained in the record of the underlying
criminal case discloses the following:

On May 18, 2016, movant was named along with others in a
one-count superseding indictment charging him with conspiracy to
possess with intent to distribute 50 grams or more of a mixture
and substance containing a detectable amount of methamphetamine,

in violation of 21 U.S.C. §846. CR Doc.[1] 215. On July 8, 2016,
movant appeared before the court with the intent to enter a plea
of guilty to the offense charged without benefit of a plea
agreement. CR Doc. 391. Movant and his attorney signed a factual
resume setting forth the elements of the offense, the maximum
penalty movant faced, and the stipulated facts supporting
movant's guilt. CR Doc. 368. Under oath, movant stated that no
one had made any promise or assurance of any kind to induce him
to plead guilty. Further, movant stated his understanding that
the guideline range was advisory and was one of many sentencing
factors the court could consider; that the guideline range could
not be calculated until the presentence report ("PSR") was
prepared; the court could impose a sentence more severe than the
sentence recommended by the advisory guidelines and movant would
be bound by his guilty plea; movant was satisfied with his
counsel and had no complaints regarding his representation; and,
movant and counsel had reviewed the factual resume and movant
understood the meaning of everything in it and the stipulated
facts were true. CR Doc. 1256.

    The probation officer prepared a presentence report that
indicated that movant's base offense level was 34. CR Doc. 766,

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying
criminal case, No. 4:16-CR-132-A.

¶ 39. Movant received a two-level increase for possession of a dangerous weapon, id. ¶ 40, a two-level increase for use of violence, id. ¶ 41, and a two-level increase for importation of methamphetamine from Mexico, id. ¶ 42. He received a two-level and one-level decrease for acceptance of responsibility. Id. ¶¶ 48-49. Based on a total offense level of 37 and a criminal history category of III, movant's guideline imprisonment range was 262 to 327 months. Id. ¶ 114. Movant filed objections, CR Doc. 787, and the probation officer prepared an addendum to the PSR, CR Doc. 835.

The government filed a motion for downward departure. CR Doc. 915. The court heard evidence regarding movant's objection to the PSR based on quantity of methamphetamine attributed to movant and overruled the objection. CR Doc. 1291 at 4-14. The court also heard evidence supporting the government's motion for downward departure, id. at 15-17. The court sentenced movant to a term of imprisonment of 250 months. CR Doc. 952. The court noted that movant's sentence would have been 327 months, but for his cooperation with the government and the motion for downward departure. CR Doc. 1291 at 23-24. Movant appealed, CR Doc. 961, and his sentence was affirmed. United States v. Fogle, 715 F. App'x 403 (5th Cir. 2018).

## Grounds of the Motion

Movant asserts four grounds in support of his motion, worded as follows:

> **GROUND ONE:** The petitioner's sentence is procedurally and substantively unreasonable.

Doc.[2] 1 at PageID[3] 6.

> **GROUND TWO:** The petitioner's sentence was wrongfully enhanced based upon the conflicts among the circuits.

Id. at PageID 7.

> **GROUND THREE:** Trial Counsel was ineffective when he failed to raise or properly raise various sentencing issues/objections.

Id. at PageID 8.

> **GROUND FOUR:** Appeal Counsel was ineffective for failing to raise meritable issues that were dead bang winners.

Id. at PageID 10.

III.

## Standards of Review

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3]The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the pages of the motion are not sequentially numbered.

fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974); <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.    Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of

deficient performance and prejudice is not sufficient to meet the
Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir.
2000).

IV.

Analysis

In support of his first ground, movant argues that the court
incorrectly applied or failed to apply guideline amendments 790
and 794. Doc. 1 at PageID 19-20. Misapplication of the guidelines
is not cognizable on collateral review. United States v.
Williamson, 183 F.3d 458, 462 (5th Cir. 1999). Even if it was,
the record reflects that the court applied the appropriate
guideline provisions in movant's sentencing. CR Doc. 766, ¶ 38
(noting that the 2015 Guidelines Manual, incorporating all
guideline amendments, was used to determine movant's offense
level). And, furthermore, as movant himself notes, amendment 794
would only have provided relief if movant was "[substantially]
less culpable than the average participant in the criminal
activity." Doc. 1 at PageID 19. Of course, there is and was no
evidence to support such a finding in the case of movant. Counsel
cannot have been ineffective in failing to raise a meritless
argument. United States v. Kimler, 167 F.3d 889, 893 (5th Cir.
1999).

Another argument under the first ground appears to be that movant was held accountable for certain drug quantities as a result of statements given by Stephanie Hatley, Michael Heaslet, Trae Short, Ashley Simpson, and Jose Pablo Morales. Doc. 1 at PageID 20. Movant claims that he "doesn't even know these people." Id. He does not identify any drug quantities to which he objects, much less show that his sentencing was based on statements regarding quantity made by any of the persons he identifies. The PSR does not mention drug amounts with regard to any of these persons except Hatley, who, along with Shawn Douglas Cropp, distributed 1 kilogram of methamphetamine on two occasions to movant. CR Doc. 766, ¶ 17. Movant objected to paragraph 17 of the PSR, CR Doc. 787, and the probation officer prepared an addendum to the PSR rejecting movant's arguments. CR Doc. 835. The court, after hearing evidence at the sentencing hearing, overruled the objection.[4] CR Doc. 1291. Its fact-findings are entitled to great deference. Movant has not shown that he could and would have established clear error on appeal. See United States v. Salinas, 918 F3d 463, 465 (5th Cir. 2019).

---

[4]In his reply, movant focuses on the reliability of Jordan, Doc. 9 at 3-4, but that was the subject of the objection and the testimony at sentencing and the court found the information to be reliable. CR Doc. 1291. He also alludes to a failure of his lawyers to investigate, Doc. 9 at 4, but does not allege with specificity what exculpatory evidence the investigation would have disclosed or how that evidence would have changed the outcome. See Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994); United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). It is too late to be raising new issues in a reply in any event. United States v. Cervantes, 132 F.3d 1106, 1111 (5th Cir. 1998).

In support of his second ground, movant argues that the two-level increase for importation from Mexico was improper based on his interpretation of a case from the Seventh Circuit regarding firearms trafficking. Doc. 1 at Page ID 21 (citing United States v. Moody, 915 F.3d 425 (7th Cir. 2019)). Moody is not persuasive or controlling. Precedent in the Fifth Circuit regarding the importation enhancement is governed by United States v. Serfass, 684 F.3d 548 (5th Cir. 2012), which continues to be followed. See, e.g., United States v. Fernandez-Guzman, 732 F. App'x 303 (5th Cir. 2018). Further, this ground was raised on direct appeal and cannot be pursued here. United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986). Finally, as the government notes, movant admitted that the methamphetamine came from Mexico, CR Doc. 132, ¶ 27, so the whole argument is frivolous in any event.

In his third ground, movant says that his trial counsel was ineffective for failing to pursue the arguments made in his first and second grounds. Doc. 1 at PageID 22. In his fourth ground, movant says that his appellate counsel was ineffective for failing to pursue those same grounds. Id. at PageID 23-24. The arguments are wholly conclusory and unsupported. And, they are without merit, as discussed. Again, counsel cannot have been ineffective in failing to raise grounds that would have been meritless. Kimler, 167 F3d at 893.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED May 14, 2019.

_____
JOHN McBRYDE
United States District Judge